```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
RICHARD D. POWER,                                     :
                                                      :
                              Plaintiff,              :
                                                      :     02 Civ. 6444 (GEL)
              -against-                               :
                                                      :     OPINION AND ORDER
TYCO INTERNATIONAL (US), INC.,                        :
                                                      :
                              Defendant.              :
------------------------------------------------------x
```

Kenneth J. Rubenstein, Olshan Grundman Frome
Rosenzweig & Wolosky LLP, New York, New York,
for Plaintiff.

Rene M. Johnson, Morgan, Lewis & Bockius LLP,
New York, New York, for Defendant.

GERARD E. LYNCH, District Judge:

In this action for damages arising out of an alleged breach of contract, defendant Tyco International (US), Inc. ("Tyco") moves pursuant to Fed. R. Civ. P. 39(b) for an order that the case is to be tried by jury, notwithstanding its prior waiver of a jury trial. The motion will be denied.

### BACKGROUND

Plaintiff Richard D. Power brought this action on August 14, 2002, claiming defendant breached an agreement relating to Power's bonus compensation and severance package. On September 5, 2002, Tyco apparently served and attempted to file a demand for a jury trial. (Johnson Decl. Ex. D.) The demand, however, was never entered on the Court's docket.[1] On

---

[1] The copy of the demand attached to Tyco's motion papers bears a stamp indicating it was received by the Court in White Plains. The instant action, however, was filed, and has

October 8, 2002, following a conference with counsel, the Court entered a case management plan ("CMP") specifying, among other things, that the case was to be tried by jury. Shortly thereafter, Tyco replaced its counsel and retained its present lawyers.

In December 2002, however, proceedings in this case were stayed on motion of the District Attorney of New York County, pending the resolution of criminal proceedings against L. Dennis Kozlowski and Mark Swartz, respectively Tyco's former CEO and CFO. The case remained dormant until June 2005, following the convictions of Kozlowski and Swartz.

On August 8, 2005, following the lifting of the stay, the Court entered a revised CMP, as jointly proposed by the parties. This CMP, however, specified that the case was *not* to be tried by jury.

Tyco asserts, without contradiction, that the proposed CMP was initially drafted by plaintiff's counsel. However, the proposal was not slipped past unsuspecting attorneys for Tyco. Plaintiff's attorney specifically asked Tyco's counsel whether Tyco had demanded a jury trial. Upon reviewing the docket and finding that it reflected no jury demand, Tyco's attorneys concluded that prior counsel had failed to demand a jury, and thereby had waived its right to a jury trial. Evidently, counsel either did not notice or did not consider the effect of the October 2002 CMP, and its provision for a jury trial, which was specifically noted on the docket. Nor did Tyco move at that time pursuant to Rule 39(b) for relief from what it believed to have been a waiver. Instead, Tyco simply agreed to submit to the Court a proposed order, which the Court

---

always been pending, in the Manhattan courthouse. The failure of the Clerk's Office to docket the demand may be attributable to Tyco's attempt to file it in the wrong courthouse. In any event, the document bears the correct docket number, and it presumably should have made its way to the proper file.

adopted, calling for a bench trial.

Some six months later, Tyco's attorneys discovered the undocketed jury trial demand. Tyco indicated to plaintiff its belief that this newly uncovered demand required that the case be tried by jury; plaintiff disagreed. The parties then submitted to the Court by letter a dispute about the proper interpretation of these events.

On March 22, 2006, this Court entered an order ruling that the August 2005 CMP "controls this litigation" and that by agreeing to the CMP, which states that this case is not to be tried by a jury, Tyco waived its right to a jury trial. The Court reasoned that:

> The issue here . . . is not whether the September 5, 2002, jury demand was effective when it was initially filed, but rather whether Tyco's subsequent stipulation in the CMP that this case *is not* to be tried by a jury properly withdrew that demand. Fed. R. Civ. P. 39(a) states that if a party demands a jury trial, the trial "shall be by jury, unless . . . the parties or their attorneys of record, by written stipulation filed with the court . . . , consent to trial by the court sitting without a jury." Tyco claims that it "has never expressly withdrawn its demand for a jury trial, nor stipulated to a waiver," because until recently Tyco was not aware that it *had* previously filed a jury demand. Tyco admits that it consented to the CMP, which states that this case will be tried by the Court. However, Tyco claims that its consent was not "knowing[] or voluntar[y]" because it was "based on its counsel's mistaken belief – based on both parties' review of the docket – that Tyco's previous counsel had not filed a jury demand." Tyco asserts that if the docket had reflected the prior jury demand, it would not have consented to the CMP.
>
> . . . Tyco consented to the CMP, including the provision that the case is not to be tried by a jury, and that consent is not defective simply because Tyco mistakenly believed that no prior jury demand had been filed. If Tyco did not want to consent to a bench trial in the CMP, it could have moved for a jury trial pursuant to Fed. R. Civ. P. 39(b), which gives the Court discretion to order a trial by jury even when a proper demand has not been filed. Alternatively, Tyco could have attempted to hold plaintiff to the terms of the initial CMP, dated October 8, 2002, which was

> properly docketed and stated that the case *was* to be tried by a jury. However, Tyco did neither of these things. Instead, Tyco consented to trial by the Court sitting without a jury, and under Fed. R. Civ. P. 39(a), that consent, together with plaintiff's consent, trumps any prior jury demand.

(Order of Mar. 22, 2006, at 1-2.)

However, the Court expressly noted that the question then before it simply concerned "the current operative order with respect to a jury trial in this matter," and therefore declined to address what showing would be necessary for defendant to withdraw its jury trial waiver embodied in the August 2005 CMP, or whether defendant had made such a showing. Tyco, interpreting the Court's reticence as "a recommendation to file a motion to alter the provision in the [CMP] relating to whether this case is to be tried by a jury" (Def. Mem. 3), now moves pursuant to Fed. R. Civ. P. 39(b) for a determination that this case is to be tried by jury.

## DISCUSSION

Rule 39(b) grants discretion to district courts to order a jury trial, even where a party failed to demand one,[2] but the rule itself provides no guidance concerning how to exercise that discretion. The majority rule is one of deference to the judgment of the district courts, with the First Circuit stating that "the case would be very rare indeed where a district court abused its discretion in denying *or* granting a Rule 39(b) motion." Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 200 (1st Cir. 1987). Other courts of appeals have hinted at the factors to be weighed by a district court deciding a motion under Rule 39(b). As Justice Scalia has explained, "Over

---

[2] The rule expressly permits the Court to order a jury trial only in cases of "the failure of a party to demand a jury in an action in which such a demand might have been made as of right." The Court assumes, and the parties agree, that the rule similarly permits the Court to relieve a party that has first made, and then withdrawn, such a demand.

4

the years, appellate courts have consistently upheld the trial judges in allowing or refusing late demanded jury trials, but in doing so have laid down two guidelines for exercise of the discretionary power. The products of cumulative experience, these guidelines relate to the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary." Pierce v. Underwood, 487 U.S. 552, 562 (1988), quoting Maurice Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L. Rev. 635, 662-63 (1971).

Despite this prevailing liberality, our Court of Appeals has held that "mere inadvertence of counsel [is] not an adequate basis for allowing an untimely filing of a jury trial notice," Cascone v. Ortho Pharm Corp., 702 F.2d 389, 390 (2d Cir. 1983), and has therefore "shrunk" trial courts' discretion to grant a jury trial where a proper demand has not been made to "determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief," Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967). Thus, in this Circuit, "what appears to be a broad grant of discretion in the rule . . . has been narrowed . . . to the point where a party must now demonstrate more than mere inadvertence in failing to make a timely demand." Palmer v. Angelica Healthcare Serv. Group, Inc., 170 F.R.D. 88, 90 (N.D.N.Y. 1997).

Tyco devotes most of its brief to arguing that it never knowingly withdrew its demand for a jury trial. This argument is unavailing, as the Court's March 22 order put to bed any questions regarding the validity of the August 2005 CMP and defendant's waiver of its right to a jury trial. The parties' formal proposal to the Court, and the Court's acceptance, of a CMP providing for a non-jury trial constitutes an express waiver of a jury trial. The very purpose of including such a term in the Court's standard form CMP is to eliminate later litigation about trial issues by either

5

securing the parties' agreement about how a case is to be tried or at least surfacing disagreement at an early stage of the case. Rather than raising the issue with the Court in August 2005 – either by moving at that time under Rule 39(b) or by pointing to the publicly docketed October 2002 CMP, see Palmer, 170 F.R.D. at 89 (holding that failure to make jury demand was cured by, among other factors, plaintiff's timely request for a jury trial in a case management order) – Tyco agreed to settle the matter by agreeing to an order specifying a non-jury trial.

That waiver was knowing and voluntary in any normal sense of the words; Tyco does not contend that it was unaware of the content of the August 2005 CMP. Tyco argues, however, its agreement to the CMP was not really knowing because it was based on the mistaken impression that Tyco had not filed an initial jury demand, an error it only recently discovered. This argument is no more successful. Tyco gives no plausible explanation for its failure to recall whether it had sought a jury trial. The copy of the undocketed jury demand now presented to the Court was apparently in counsel's case file the entire time. Despite a change in counsel, Tyco cannot argue that it was unaware of its own actions in this litigation, or that its attorneys were ignorant of information in their own files. Moreover, the signed and docketed October 2002 CMP should have alerted counsel that the Court had already entered an order providing for a jury trial. Tyco's decision to stipulate to a non-jury trial cannot be ignored as based on an excusable mistake; to the extent there was any mistake, it was *in*excusable.

The same facts doom Tyco's Rule 39(b) argument. Tyco contends that "[e]ven if Tyco's conduct somehow did amount to an intentional waiver of its timely jury demand, the Court still may exercise its discretion . . . to order that the case is to be tried by a jury . . . in a situation where a party has indicated its intention to demand a jury trial from the inception of the case."

(Def. Reply 5.) Defendant cites Palmer in support of this proposition. Palmer, however, is inapposite. In Palmer, the court refused to strike the plaintiff's jury demand despite the fact that no jury demand was initially served on defendant. However, the plaintiff did indicate a jury request on the docket sheet, included a request for a jury in the case management order, confirmed the request at the initial pretrial conference, and included a jury provision in the pretrial scheduling order. Palmer, 170 F.R.D. at 89. Months later, the defendant realized the absence of a formal jury demand, and the court then ordered the plaintiff to make such a demand. Id. In upholding the plaintiff's demand, the Palmer Court noted that the plaintiff's initial service of the case management order, which included a jury demand, served to put the defendant on notice from the inception of the litigation, and that both parties acted throughout the proceedings with the expectation that the trial would be to a jury. Id. at 90.

    Palmer is perhaps comparable to the posture this case would have been in had Tyco made its Rule 39(b) application in August 2005. Even if it had not discovered the missing jury demand, Tyco would then have been well placed to argue that the parties and the Court had agreed to a jury trial in October 2002, and that the parties' settled expectation was that the case would be tried to a jury. The case is no longer in that posture, however. Unlike the situation in Palmer, plaintiff and defendant here have been under the impression that the case would be tried *without* a jury since the parties' agreement to the CMP in August 2005. Tyco did not simply fail to observe a procedural formality of the sort excused by the Palmer Court. Quite to the contrary, Tyco affirmatively agreed that the case would not be tried by a jury. Tyco has not demonstrated a reason better than "mere inadvertence" for its failure to insist on a jury trial. On the contrary, Tyco made a deliberate decision to agree to a bench trial, even if that decision was based on an

understanding that later turned out to be mistaken. See Westchester Day Sch. v. Village of Mamaroneck, 363 F. Supp. 2d 667, 673 (S.D.N.Y. 2005) (rejecting defendant's Rule 39(b) motion, even in light of changed circumstances, because defendant initially decided not to request a jury trial).

At the time the parties agreed to the August 2005 CMP, defendant's counsel – under the impression that defendant had not filed a jury demand – decided to consent to a bench trial instead of moving under Rule 39(b) for a jury trial. For whatever reason, defendant decided at that time that the value of a jury trial did not merit a jury demand or the filing of a Rule 39(b) motion. Now, after consenting to a bench trial and then belatedly discovering the prior jury demand, defendant's calculus and strategy have changed. The reason for this change is immaterial – untimely jury demands based on a change in strategy are routinely rejected in this district. See, e.g., Alvarado v. Santana-Lopez, 125 F.R.D. 367 (S.D.N.Y. 1984).

Finally, Tyco argues that, with trial many months away, there is little likelihood that plaintiff will be prejudiced by the change from a bench trial to a jury trial. The fact that plaintiff might not suffer any prejudice from the granting of a jury trial does not compel that defendant's request be granted. Prejudice to the non-moving party is not a factor to be considered unless the moving party can first demonstrate more than inadvertence in waiving its right to a jury trial. See Westchester Day Sch., 363 F. Supp. 2d at 674 n.8 (stating that lack of prejudice does not cure failure to make a showing of more than mere inadvertence). Compare Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975) (considering prejudice to non-moving party in Rule 39(b) motion in a removal action, where Noonan does not apply), with Noonan, 375 F.2d at 70 (limiting district court discretion without considering prejudice to non-moving party), and

Cascone, 702 F.2d at 393 (stating that Noonan "shall continue to govern cases where it is applicable").

In August 2005 Tyco was under the mistaken impression that it had not filed a jury demand. At that time, Tyco decided to consent to a trial without a jury instead of filing a Rule 39(b) motion or attempting to hold plaintiff to a prior CMP that called for a jury trial. Six months later Tyco discovered that it had filed a jury demand, and its litigation strategy regarding the importance of a jury trial and the desirability of filing a Rule 39(b) motion changed. Tyco offers no explanation for its decision not to file a Rule 39(b) motion in August. This change in strategy does not suffice to show more than mere inadvertence on the part of defendant. Accordingly, Tyco's motion is denied.

SO ORDERED:

Dated: New York, New York
       June 13, 2006

_____
GERARD E. LYNCH
United States District Judge