UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                               :
RICHARD D. POWER,                        :
                                               :
                  Plaintiff,        :
                                               :      02 Civ. 6444 (GEL)
   -against-                          :
                                               :      **OPINION AND ORDER**
TYCO INTERNATIONAL (US), INC.,  :
                                               :
                  Defendant.    :
--------------------------------------------------------x

Kenneth J. Rubenstein, Olshan Grundman Frome
Rosenzweig & Wolosky LLP, New York, New York,
for Plaintiff.

Rene M. Johnson, Morgan, Lewis & Bockius LLP,
New York, New York, for Defendant.


GERARD E. LYNCH, District Judge:

       In this action for damages arising out of an alleged breach of contract, defendant Tyco International (US), Inc. ("Tyco") and plaintiff Richard D. Power cross-move for summary judgment. Both motions will be denied.

## BACKGROUND

       Plaintiff brought this action on August 14, 2002, claiming defendant breached an oral agreement relating to plaintiff's bonus compensation and severance package. Plaintiff now seeks to enforce only the part of the agreement that relates to severance. (D. Mem. at 5; P. Mem. at 2.[1]) Plaintiff alleges that he and L. Dennis Kozlowski, then the Chief Executive Officer of Tyco,

---

[1] Defendant's memorandum of law in support of its motion for summary judgment will be referred to as "D. Mem."; plaintiff's memorandum of law in support of its motion will be referred to as "P. Mem."

reached an oral agreement concerning Power's severance pay in June 1999, when Power agreed to return to employment with Tyco. (P. 56.1(a) Stmt. ¶ 30.[2]) According to plaintiff, Kozlowski agreed that Power's severance pay, upon termination, would be the greater of $1.5 million or two times Power's salary and bonus in the year prior to termination.

## DISCUSSION

### I.     Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A genuine issue of material fact is established if the evidence would allow a reasonable finder of fact to return a verdict for the nonmoving party. Id. at 248. The court must "resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion." Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

### II.    Defendant's Motion for Summary Judgment

Defendant argues that plaintiff's agreement cannot be enforced, even if it exists as described, because its material terms were too vague. In particular, defendant argues that the contract failed to adequately articulate "how Power's bonus was to be calculated for severance purposes and the conditions under which severance would become payable." (D. Mem. at 7.)

---

[2] Each party's statement of material facts in support of its motion for summary judgment will be referred to as its "56.1(a) Stmt." A party's counter-statements of material facts will be referred to as a "56.1(b) Stmt."

"A court cannot decree performance of an agreement unless it can discern with reasonable certainty and particularity what the terms of the arrangement are." Brookhaven Housing Coalition v. Solomon, 583 F.2d 584, 593 (2d Cir. 1978); see Holzer v. Kaplan, 1991 WL 230623, at *2 (S.D.N.Y. 1991) (holding that the court would "not impose [its] own conception of what the parties should or might have undertaken in order to resolve the ambiguity regarding material terms."). However, rejection on the ground of indefiniteness is "is at best a last resort," appropriate only at "the point where construction becomes futile." Heyman Cohen & Sons v. M. Lurie Woolen Co., 232 N.Y. 112, 114 (1921) (Cardozo, J.). Moreover, New York courts have "not applied the definiteness doctrine rigidly. . . . Imperfect expression does not necessarily indicate that the parties to an agreement did not intend to form a binding contract." 166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp., 78 N.Y.2d 88, 91 (1991).

Power seeks to enforce an alleged agreement that provided him with severance equal to the greater of $1.5 million or two times Power's salary and bonus in the year prior to termination. (P. 56.1(a) Stmt. ¶ 14.) Defendant concedes that $4.2 million is "the 2001 cash bonus Power actually received." (D. Mem. at 13 n.6.) This is all that is required to know the amount of severance under the alleged oral agreement; by the time of termination, the bonus in the year prior to termination would certainly be a known quantity.[3] See Joseph Martin, Jr.,

---

[3] Defendant argues that plaintiff has changed his account of the amount of severance to which he was entitled. It asserts that because plaintiff argued, at an earlier stage of the litigation, that the bonus he received in 2001 was less than the bonus to which he was entitled, "his severance, which depends upon the bonus he was *supposed to receive* in 2001, according to his pleading, cannot possibly have its bonus component based upon the amount he *actually received.*" (P. Mem. at 3; first emphasis added). The cited portions of the Second Amended Complaint do indeed argue that Power should have received a larger bonus in 2001, and that he therefore should receive a larger severance package. (2d Am. Compl. ¶¶ 21-24, 40 n.2.) But the complaint states, as do plaintiff's current pleadings, that Power was entitled to "a payment which

Delicatessen, Inc. v. Schumacher, 52 N.Y.2d 105, 110 (1981) ("Nor would the agreement have failed for indefiniteness because it invited recourse to an objective extrinsic event, condition or standard on which the amount was made to depend. All of these, inter alia, would have come within the embrace of the maxim that what can be made certain is certain").

Defendant also argues that there was no agreement with respect to whether Power would have been entitled to severance in circumstances that never actually arose, such as a change in control, demotion, termination for cause, or disability. (D. Mem. at 17.) As the New York Court of Appeals has noted, however, "at some point virtually every agreement can be said to have a degree of indefiniteness, and if the doctrine is applied with a heavy hand it may defeat the reasonable expectations of the parties in entering into the contract." Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp., 74 N.Y.2d 475, 483 (1989).

None of the purported uncertainties in the agreement bear on the present controversy. "[T]he degree of certainty required may be affected by the dispute which arises and by the remedy sought. Courts decide the disputes before them, not other hypothetical disputes which might have arisen." Restatement (Second) of Contracts § 33 (1979). Because none of defendant's arguments suggest any material uncertainty concerning Power's entitlement to severance under the purported agreement, summary judgment on the basis of material uncertainty would be inappropriate.

---

was to be the greater of $1.5 million or two times Power's salary and bonus in the year prior to termination." (Id. at ¶ 16.) Defendant is free to attempt to impeach Power's credibility at trial with perceived inconsistencies, but these matters are not relevant at the summary judgment stage.

### III.     Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on the grounds that there is no genuine issue of material fact concerning whether defendant breached an enforceable oral agreement for severance payments. Defendant argues, inter alia, that the record contains inconsistencies from which a reasonable trier of fact could infer from the record that Kozlowski and Power never actually reached the alleged severance agreement. (D. Mem. at 3.)

It is true that both Power and Kozlowski, the two people who participated in the conversation that allegedly finalized the severance agreement, have testified that they did indeed agree on the terms asserted by Power. (See Power Dec., P. 56.1(a) Stmt. Ex. A ¶ 13; Kozlowski Dec., Id. Ex. B. ¶¶ 3-4.) Nonetheless, defendant points to several aspects of the evidentiary record in this case that give rise to genuine questions of material fact regarding whether Kozlowski and Power reached the severance agreement as Power represents it.

Most importantly, a reasonable factfinder would have reasons to be skeptical of the testimony of Power and Kozlowski. Power, of course, is a party to the action, who stands to benefit dramatically from acceptance of his version of the events. Under ordinary circumstances, acceptance of his version by the counterparty to the alleged negotiation would be powerful corroboration of his account. In this case, however, a reasonable factfinder could conclude that Kozlowski's interests are aligned not with Tyco's, but with Power's. Power and Kozlowski are longtime friends, and Kozlowski has been removed from his position at Tyco and is the defendant in an action brought by Tyco in which that company seeks to recover tens of millions of dollars. See Tyco Int'l, et al. v. Kozlowski, 02 Civ. 7317 (S.D.N.Y) (transferred to D.N.H. May 5, 2003). Both witnesses' testimony, therefore, is open to an attack on the grounds of bias.

Kozlowski's credibility is further compromised, moreover, by his recent conviction of various crimes involving fraud or deceit. (D. 56.1(b) Stmt. ¶¶ 45-50.)

Gaps and inconsistencies in the documentary record contribute to the existence of genuine issues of fact. The very fact that the alleged agreement is oral gives rise to skepticism. Although there is evidence that Tyco under the Kozlowski regime did not always operate in accordance with conventional practice with respect to compensation agreements, a factfinder could well have doubts about whether a severance agreement of this magnitude would not be reduced to writing.

Power argues that a document known as the "landscape document" (D. Mem. at 4), which Power faxed to Mark Swartz, Tyco's Chief Financial Officer, is evidence of the severance agreement, and states that a version of this document was faxed to Kozlowski on June 13, 1999. (P. 56.1(a) Stmt ¶ 13.) However, there is conflicting testimony concerning this document. The typewritten text of the document indicates that Swartz had offered Power severance pay of two years' salary, and that Power counter-proposed a severance package of $1.5 million. (Id. Ex. C.) Handwritten notes on the document, however, read, "$1.5 m or 2X's Salary/Bonus /OK." (Id.) Kozlowski's declaration indicates that the June 13 fax contained the final severance terms, i.e., the handwritten notes (P. 56.1(a) Stmt. Ex. B ¶¶ 3-4), while Power acknowledges that the handwritten notes were not on the memo on June 13. (P. 56.1(a) Stmt. ¶¶ 13-14 & n.2.) Power states that the notes were added during a subsequent phone conversation, the date of which is not specified. (Id. ¶¶ 13-14.) Of course, a finder of fact could credit this testimony, but would not be obligated to do so.

Moreover, other documents that might reasonably have been expected to mention the

severance agreement fail to do so.  For example, a June 23, 1999 memo signed by Swartz and Kozlowski provided the "details of Dick Power['s] revised compensation package," but mentioned no severance agreement.  (P. 56.1(a) Stmt. Ex. I.)

There is also inconsistent testimony concerning the details of the agreement.  Power testified at his deposition that on June 14, 2002, he sent Swartz a document claiming that his severance agreement was for the greater of *$2 million*, not $1.5 million, or twice the prior year's salary and bonus.  (P. 56.1(a) Stmt. ¶¶ 86-87.)  Of course, a reasonable factfinder might accept Power's explanation of this as a simple "mistake" (P. 56.1(a) Stmt. ¶ 88), but it would also be reasonable to conclude that hundreds of thousands of dollars are not so easily confused.

In light of the evidentiary gaps, testimonial inconsistencies, and other grounds on which the testimony of Power and Kozlowski might be called into question, a reasonable factfinder would not be obligated to conclude as a matter of law that the severance agreement existed as described by Power and Kozlowski.  Accordingly, plaintiff's motion for summary judgment is denied.[4]

## CONCLUSION

For the foregoing reasons, the cross-motions for summary judgment (Docs. # 54 and 58) are denied.

---

[4] Because summary judgment must be denied for the reasons discussed above, there is no need to reach the other possible bases for denying summary judgment raised by defendant, e.g., the questions of Kozlowski's authority to enter into the severance agreement (D. Mem. at 12), purported material vagueness in the agreement's terms (D. Mem. at 15), and the parties' intent to be bound (D. Mem. at 17).

SO ORDERED.

Dated: New York, New York
       November 8, 2006

                                                    _____
                                                           GERARD E. LYNCH
                                                       United States District Judge